UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CRIMINAL MINUTES - GENERAL

Lexington    Case No. 15-CR-41-DCR-REW            At Lexington            Date July 10, 2015

U.S.A. vs. Ryder Finney        _x_ present ____custody ____bond  _x_ OR

---

PRESENT:     HON. ROBERT E. WIER, UNITED STATES MAGISTRATE JUDGE

Susan Adkins                Audio File No.            Kevin C. Dicken
Deputy Clerk                Court Reporter            Assistant U.S. Attorney

Counsel for Defendant: James Lowry, IV  _x_ present  __appointed _x_ retained

I, Susan L. Adkins, Deputy Clerk, CERTIFY the official record of this proceeding is an audio file KYED-LEX__5-15-cr-41-DCR-REW_20150710_131612.

PROCEEDINGS:        INITIAL APPEARANCE on SUPERVISED RELEASE VIOLATION

Pursuant to Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3583, the parties appeared for an initial appearance on alleged violations of supervised release. The Court advised Defendant of his constitutional rights, including his right to remain silent and right to counsel. The Court reviewed the alleged violations with Defendant and advised him of the potential penalties. Defendant advised that he retained Hon. James Lowry, IV, and the Court discharged Hon. Benjamin D. Allen, previously chosen by random draw to represent Defendant under the CJA, from service in the case. The Court advised that if Defendant becomes unable to continue to afford retention, he still has the right to counsel.

The United States did not seek interim detention. The Court heard the statement of USPO George and defense counsel. The Court finds clear and convincing evidence that Defendant will not flee or pose a danger. He appeared at this hearing on a summons, and defense counsel represented that Defendant has successfully completed treatment, has supportive parents, and is working toward resolution of the underlying state offense. USPO George stated that he had no concern over interim release. Because the Court determined to release Defendant pending the final hearing, and because he appeared on a summons, his liberty was neither at stake nor deprived, and he was thus not entitled to a preliminary hearing. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("If a person is in custody" the preliminary hearing right attaches.).

The Court **ORDERS** as follows:

1.    This matter is set for **Final Hearing** on **Friday, July 17, 2015, at 2:00 p.m. in Lexington, Kentucky,** before Judge Danny C. Reeves. The parties have leave to file a prompt motion to change the final hearing date and time.

2.    The USPO shall circulate the PSR to counsel of record.

3.    The Court **RELEASES** Defendant pending the final hearing on the same supervision conditions previously imposed. Defendant met his burden under Rule 32.1(a)(6) for interim release. He proved by clear and convincing evidence—through appearing in court today, USPO's George's report, and counsel's proffer of successful treatment completion, supportive parents, and steady progress in resolving the state matter—that he would not flee or pose a danger in the interim.

Copies:  COR, USP, USM, D
Initials of Deputy Clerk sla
TIC:    0/.13

Signed By:

Robert E. Wier

United States Magistrate Judge